IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STERLING PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>HARRY WILSON, Superintendent; ROBERT TRETININK, CHCA; MICHEAL HERBIK, Doctor; and CHRIS MEYER, PA<br><br>                Defendants. | Civil Action No. 05 - 272<br><br>Judge Joy Flowers Conti /<br>Magistrate Judge Lisa Pupo Lenihan |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that the Complaint in the above-captioned case be dismissed due to Plaintiff's failure to prosecute this action.

II. **REPORT**

Plaintiff commenced this action pursuant to the provisions of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Section 1983). Named as the Defendant are Harry Wilson, the jail superintendant, Robert Tretinink "CHCA", Michael Herbick, a physician, and Chris Meyer, a physician's assistant. A Show Cause Order was entered on October 24, 2005, ordering Plaintiff to show cause why the case should not be dismissed for failure to prosecute. No response has been received.

**A. Relevant Procedural History**

1

Plaintiff filed his Complaint in this action on March 1, 2005. On October 24, 2005, this Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute as no activity had taken place on the docket after Plaintiff was granted leave to proceed *in forma pauperis*. A response was ordered to be filed no alter than November 21, 2005. To date, Plaintiff has failed to respond to this Court's Order and has failed to do anything to actively prosecute his action.

**B. Plaintiff's Failure to Prosecute**

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether it should dismiss this case based on the Plaintiff's failure to prosecute.

Plaintiff is proceeding pro se in this action. Thus, all actions must be attributable to him as he has no counsel upon which he is relying to proceed to prosecute his case. Accordingly, under the first factor, it appears that Plaintiff personally is responsible for the failure to respond to this Court's orders to pay the filing fee or file a motion to proceed in forma pauperis. With respect to the second factor, the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders, there appears to be no specific prejudice to the Defendants other than general delay. With respect to the third factor, Plaintiff has failed to respond to any of the Court's orders. Plaintiff has not filed any response to date; nor has he filed any motion for an extension of time. Thus, he has shown dilatoriness in proceeding with his action. With respect to the fourth factor, this Court cannot determine

whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff is proceeding *in forma pauperis*, it does not appear that monetary sanctions are appropriate. Finally, it does not appear from Plaintiff's allegations that he has a high likelihood to prevail under 42 U.S.C. § 1983. *See* Sandin v. Conner, 515 U.S. 472 (1995) (holding that there is no right to due process unless the deprivation suffered by the prisoner imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

### III.   CONCLUSION

The analysis of the six factors as applied to the facts before this Court reveals that the Complaint in this action should be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2006

cc: The Honorable Joy Flowers Conti
    United States District Judge

    STERLING PETERSON
    EL-9790
    SCI Fayette
    PO Box 9999
    LaBelle, PA 15450-0999